IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------
RICHARD BAATZ, et al,

       Plaintiffs,

  -vs-

COLUMBIA GAS TRANSMISSION, LLC,

       Defendant.
------------------------------------------------------

: CASE NO. 1:14 CV 00505
:
:
: <u>MEMORANDUM OF OPINION AND</u>
: <u>ORDER GRANTING THE</u>
: <u>DEFENDANT'S MOTION TO DISMISS</u>

UNITED STATES DISTRICT JUDGE LESLEY WELLS

  Before the Court is a motion to dismiss the plaintiffs/relators' first amended complaint filed by the defendant Columbia Gas Transmission, LLC. The plaintiffs filed a brief in opposition, and the defendant has replied. For the reasons that follow, the defendant's motion is granted.

I.

  The defendant Columbia Gas Transmission, LLC, ("Columbia") operates fourteen underground natrual gas storage fields in the State of Ohio. One of those storage fields, the Medina Storage Field, is located beneath real properties owned by the thirty-seven plaintiffs/relators (hereinafter "plaintiffs") named in this case. The Medina Storage Field, like all the Ohio fields, is a naturally occurring geologic formation consisting of porous and permeable rock formations existing below the surface. Columbia injects natural gas into these storage fields

during the summer months when gas demand is low and withdraws storage gas during the winter months when demand is high.

As an interstate natural gas company, Columbia is subject to the jurisdiction of the Federal Regulatory Energy Commission ("FERC"). In order to store natural gas in an underground storage field, Columbia is required to obtain a Certificate of Public Convenience and Necessity ("certificate") from FERC. In this instance, Columbia obtained a certificate for the Medina Storage Field after notice and a hearing.

When a certificate holder, such as Columbia, "cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid" for the use of the landowner's property, the certificate holder may exercise the right of eminent domain. 15 U.S.C. § 717f(h). In this instance, Columbia notified the plaintiffs that each of their real properties is located above the Medina Storage Field, and it offered each of the plaintiffs the monetary sum of $250.00 per lot in return for the execution of an easement permitting use of the properties for gas storage. All of the plaintiffs refused this offer. According to the plaintiffs, Columbia took no steps to initiate eminent domain proceedings for the purpose of compensating them. The plaintiffs maintain that Columbia is presently storing and has stored natural gas beneath the plaintiffs' properties, without permission and without paying just compensation.

The plaintiffs filed this lawsuit alleging that Columbia wrongfully stored natural gas in the Medina Storage Field located beneath their property. The plaintiffs bring claims of trespass, unjust enrichment, and inverse condemnation. They seek monetary damages, a declaratory judgment, and a permanent injunction.

II.

Columbia seeks dismissal of this case on a number of grounds, but the Court need only address one of them. The defendant argues that dismissal is appropriate because this case is duplicative of a previously filed class action lawsuit in United States District Court for the Southern District of Ohio. See Wilson et al. V. Columbia Gas Transmission, LLC, No. 2:12-cv-01203 (S.D. Ohio). The pending Wilson case was filed on 21 December 2012, more than a year before the instant case. The plaintiffs named therein (which do not include the plaintiffs named herein) allege similar claims of trespass, conversion, unjust enrichment, inverse condemnation, declaratory judgment, and permanent injunction. The defendant in Wilson, Columbia, is the same as the defendant here.

The Wilson plaintiffs purport to represent a putative class comprised of all landowners who do not have leases or easements with Columbia and who are situated within one of Columbia's fourteen Ohio storage fields (including the Medina Storage Field). The defendant maintains that the plaintiffs in the present case would fall into this class. The Wilson case has yet to be certified as a class action.

On 22 April 2014, after the present lawsuit was initiated, Columbia filed a counterclaim in the Wilson case joining as counter-defendants the plaintiffs named herein. The counterclaim sought to condemn storage easements over the real property at issue in this case.

The Court agrees with Columbia that the present matter is duplicative of the the earlier filed Wilson case. "As between federal district courts, ... the general principle is to avoid duplicative litigation." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). The first-to-file rule "provides that when actions involving nearly identical parties

3

and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." Certified Restoration Dry Cleaning Network, L.L. C. v. Tenke Corp., 511 F.3d 535, 551 (6th Cir.2007) (internal quotations and citations omitted). To determine whether the first-to-file rule applies, the Court must consider "whether 1) the actions involve nearly identical parties, 2) the actions involve nearly identical issues, and 3) whether this Court should exercise its discretion to dispense with the rule for equitable reasons or because special circumstances warranting an exception are present. " Long v. CVS Caremark Corp., No. 5:09CV1392, 2010 WL 271428, at *2 (N.D. Ohio Jan. 15, 2010) (Lioi, J.).

"When a federal court is presented with such a duplicative suit, it may exercise its discretion to stay the suit before it, to allow both suits to proceed, or, in some circumstances, to enjoin the parties from proceeding in the other suit." Smith v. S.E.C., 129 F.3d 356, 361 (6th Cir. 1997).

In this instance, the Wilson case and the instant lawsuit involve nearly identical parties. The plaintiffs/relators here include nearly 40 landowners, whose real property lies within the certificated boundaries of the Medina Storage Field. In Wilson, the named plaintiffs bring a putative class action lawsuit on behalf of all landowners within Columbia's fourteen storage fields, including the Medina Storage Field. The plaintiffs here fall within the class delineated in Wilson. The plaintiffs herein have also been named as counter-defendants in Wilson, and the defendant here, Columbia, is the same defendant there.

The issues in both cases are nearly identical as well. In both cases, the plaintiffs maintain they were injured as a result of Columbia having wrongfully stored natural gas in the storage fields located beneath their properties. The plaintiffs in both cases seek recovery on similar

theories: trespass, conversion, unjust enrichment, and inverse condemnation. The plaintiffs here (and there) seek damages, declaratory judgments, and permanent injunctions.

Clearly the two cases are very similar, and the plaintiffs here openly recognize it, stating that "the prospective parties in both lawsuits are identical," and "[t]he substantive issues and claims in both lawsuits . . . are the same." Yet, the plaintiffs urge the Court to dispense with the first-filed rule and allow the instant matter to proceed for reasons of equity. The plaintiffs equitable concerns include the allegation that Columbia is forum shopping; that the Wilson suit has yet to be certified as a class action, making the plaintiffs herein only prospective class plaintiffs in Wilson; that subject matter jurisdiction and venue are improper in the Southern District with respect to Columbia's counterclaims against the herein named plaintiffs.

While the Court attributes some weight to these concerns, it is not enough to allow this matter to proceed here. First, while Columbia has taken steps to ensure that all the issues are litigated in a single case, it is a stretch to interpret its strategy as an instance of forum-shopping. Columbia is the defendant in both cases, leaving it with no control over where the cases were initiated. Second, it is true that the Wilson case is not yet certified as a class action, which could leave the herein plaintiffs without recourse in Wilson, if the class is not certified. Certainly, this is a legitimate concern for the plaintiffs, but there is an even greater countervailing concern: If the Wilson case is ultimately certified and this Court were to allow the present case to proceed, there is potential for conflicting judgments. While the herein named plaintiffs insist that they will not assert a claim in Wilson, other landowners whose property lies within the Medina Storage Field and who are not represented in this case may seek relief in Wilson. Third, while the plaintiff cites potential problems with subject matter jurisdiction and venue in the Southern

5

District with respect to Columbia's counterclaims, these issues have been raised in the Southern District and they will be decided there, not here.

The close similarities between the two cases counsel toward dismissal of the present action in favor of the first-filed <u>Wilson</u> lawsuit. The equitable concerns raised by the plaintiff are not concerning enough to dispense with the first-to-file rule. If the Court were to allow the present case to proceed, it would result in the litigation of issues presently being addressed in the Southern District of Ohio and, potentially, conflicting judgments.

### III.

For the reasons stated above, the defendant's motion to dismiss is granted.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Date: March 5 2015