UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                                            :
RICHARD BAATZ, et al.,                      :
                                            :       CASE NO. 14-CV-505
        Plaintiffs,                         :
                                            :
vs.                                         :       OPINION & ORDER
                                            :       [Resolving Doc. 27]
COLUMBIA GAS TRANSMISSION LLC,              :
                                            :
        Defendant.                          :
                                            :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs, Medina landowners, bring inverse condemnation, Natural Gas Act,[1] and related claims against Defendant Columbia Gas Transmission LLC ("Columbia Gas") arising from Defendant's alleged improper storage of gas beneath Plaintiffs' properties.[2] Defendant seeks a stay of this case pending the outcome of a Southern District of Ohio case[3] where Defendant named the Medina landowners as counter-defendants.[4] Plaintiffs oppose and seek to proceed with this case.[5] For the following reasons, this Court **DENIES** Defendant's motion to stay.

**I. Background**

On March 5, 2014, Plaintiffs filed the complaint in this case.[6] Many of the claims are similar to the previously-filed *Wilson* case in the Southern District of Ohio. None of the Plaintiffs in this case were original parties to the *Wilson* case. Columbia Gas is the defendant in both cases.

---

[1] 15 U.S.C. § 717 et seq.
[2] Doc. 1.
[3] *Wilson et al. v. Columbia Gas Transmission, LLC*, Case No. 2:12-cv-01203-JLG-TPK (S.D. Ohio).
[4] Doc. 27.
[5] Doc. 28.
[6] Doc. 1.

Case No. 14-cv-505
Gwin, J.

On April 22, 2014, Defendant Columbia Gas filed an amended counterclaim in the *Wilson* case, naming the Medina landowners as counter-defendants.[7]

On April 23, 2014, Defendant filed a motion to dismiss in this case, citing the first-to-file rule.

On March 5, 2015, Judge Wells granted Defendant's motion to dismiss.[8] On February 24, 2016, the Sixth Circuit reversed the dismissal and remanded the case.[9] The Sixth Circuit held that the first-to-file rule presumptively applied and suggested that staying this case pending the outcome of the *Wilson* case would be the most reasonable next step.

However, when the Sixth Circuit issued its ruling, it assumed the possibility that the putative class in the *Wilson* case would be certified under Rule 23 and would absorb the Medina landowner Plaintiffs. Class certification no longer seems to be possible in the *Wilson* case.[10]

In the meanwhile, the district court in the *Wilson* case has been presiding over piecemeal settlements and has avoided ruling on dispositive motions during these negotiations.

On April 14, 2016, Defendant moved to stay the proceedings in this case pending the outcome of the *Wilson* case. Defendants cite to the reasoning of the Sixth Circuit opinion.

On April 27, 2016, Plaintiffs opposed. Plaintiffs cite to the lack of progress of the *Wilson* case, the lack of class certification in *Wilson*, and the language of the Natural Gas Act in arguing against the proposed stay.

## II. Legal Standard

When the first-to-file rule has been properly raised, a district court presiding over the second-filed case has four options: (1) dismiss the case without prejudice;[11]

---

[7] *Wilson*, Case No. 2:12-cv-01203-JLG-TPK (S.D. Ohio), Doc 275.
[8] Judge Wells presided over this case until March 2015. This Court was randomly assigned to this case following Judge Wells' retirement. Non-Document docket entry dated March 17, 2016.
[9] Doc. 23.
[10] *See Wilson*, Case No. 2:12-cv-01203-JLG-TPK (S.D. Ohio), Doc 538. Magistrate Judge Abel set a September 11, 2015 class certification motion deadline. That deadline expired with no motion filed and was not extended.
[11] Defendant does not seek a dismissal.

Case No. 14-cv-505
Gwin, J.

> (2) transfer the second-filed case to the district in which the first-filed case is pending; (3) stay proceedings in the second-filed case while the first-filed court decides whether to retain or relinquish jurisdiction; or (4) proceed without interruption.[12]

Under Sixth Circuit law,

> The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, "the court in which the first suit was filed should generally proceed to judgment." . . . District courts have the discretion to dispense with the first-to-file rule where equity so demands.[13]

In deciding whether to transfer a case pursuant to the first-to-file rule, the Court looks to three factors: "(1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake."[14]

Alternatively, under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Sixth Circuit requires "a district court [to] consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'"[15]

District courts also have discretion to grant stays in cases that have overlapping issues with earlier-filed cases.[16]

---

[12] *NanoLogix, Inc. v. Novak*, No. 4:13-CV-1000, 2013 WL 6443376, at *2 (N.D. Ohio Dec. 9, 2013).
[13] *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Associates, Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001) (quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984)).
[14] *Plating Resources, Inc. v. UTI Corp.*, 47 F. Supp. 2d 899, 904 (N.D. Ohio 1999) (citing *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625–26 (9th Cir. 1991)).
[15] *Siegfried v. Takeda Pharm. N. Am., Inc.*, No. 1:10-CV-02713-JG, 2011 WL 1430333, at *2 (N.D. Ohio Apr. 14, 2011) (quoting *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)).
[16] *See NanoLogix*, 2013 WL 6443376, at *3 (collecting cases).

Finally, district courts may "proceed[] without interruption . . . when the district court has determined that the first-to-file rule, either by its own terms or by a quirk of equity, does not apply."[17]

### III. Discussion

Though the Sixth Circuit held that the first-to-file rule presumptively applies to this case, the panel also left this Court the discretion to decide how to proceed with this case. This Court finds that the equities do not favor staying this case's proceedings.

Several factors suggest a lack of overlap between the parties and issues in this case and in *Wilson*. There is no longer a putative class in *Wilson* that would incorporate all Ohio landowners, including the Medina landowners. The Medina landowners are only part of the *Wilson* case as counter-defendants, not as named plaintiffs.

Moreover, the Medina Plaintiffs' properties are all situated in the Northern District of Ohio and appear to sit over a different gas well from the *Wilson* plaintiffs. All of the Medina landowners' properties are unique and different from the *Wilson* plaintiffs' properties. These individual properties may have claims that require individualized adjudication independent from the *Wilson* claims.

Finally, the Sixth Circuit recognized the possibility that the Medina landowners may bring additional trespass claims that the *Wilson* plaintiffs have not brought.[18] All of the above factors cut against the likelihood of party and issue overlap. Such lack of overlap favors denying Defendant's motion to stay.

This Court also finds that denying Defendant's motion to stay will lead to a swifter adjudication of Plaintiffs' claims. The Medina landowners filed their complaint in March of

---

[17] *Id.* (citing *Hertel v. Bank of America, N.A.*, No. 1:11–CV–757, 2012 WL 4051220 (W.D. Mich. Sept.13, 2012).
[18] Doc. 23 at 14.

Case No. 14-cv-505
Gwin, J.

2014. In the intervening 25 months, Plaintiffs have not had their claims heard in either the Southern or Northern Districts of Ohio. This is in part because the *Wilson* plaintiffs, but not the Medina landowners, seem to be settling without much district court intervention. Given the difference in settlement posture between the two groups of plaintiffs, it would seem best for the Medina landowners to proceed in this forum without the *Wilson* plaintiffs.

Relatedly, the Medina landowners are only part of the *Wilson* case because Defendant Columbia Gas impleaded them through a counterclaim. However, Defendant brought the Medina landowners into the *Wilson* case several weeks after the Medina landowners had already filed this case. In other words, while the *Wilson* case may have been filed first, the Medina landowners were part of this case first.

Finally, the venue provisions of the Natural Gas Act favor adjudicating the Medina landowners' claims in the Northern District of Ohio. The Act "requires that an eminent domain proceeding be brought in the district where the property is located."[19] In this case the Medina landowners' properties are all situated in the Northern District of Ohio. The Sixth Circuit recognized—without deciding— that this argument presents a "non-trivial possibility of a successful jurisdictional challenge," in the Southern District of Ohio.[20] The combination of this possible challenge, the *Wilson* court's lack of dispositive rulings, and a clear grant of statutory jurisdiction in the Northern District of Ohio favors adjudicating the Medina landowners' claims in the Northern District of Ohio.

---

[19] *Id.* at 15 (citing 15 U.S.C. § 717f(h)).
[20] *Id.*

Case No. 14-cv-505
Gwin, J.

## IV. Conclusion

For the above reasons, this Court **DENIES** Defendant's motion to stay. A case management conference is set for May 31, 2016, at 2:00 p.m.

IT IS SO ORDERED.

Dated: May 4, 2016                                     *s/      James S. Gwin*
                                                                                JAMES S. GWIN
                                                                                UNITED STATES DISTRICT JUDGE