**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Richard Baatz, et al.** | ) | **CASE NO.  1:14-CV-00505** |
| | ) | |
| **Plaintiffs,** | ) | **MAGISTRATE THOMAS M. PARKER** |
| | ) | |
| **And** | ) | |
| | ) | |
| **Brianne S. Booth** | ) | |
| **896 Waterloo Lane** | ) | |
| **Medina, Ohio 44256** | ) | |
| | ) | |
| **Michelle Doran** | ) | |
| **348 Abbeyville Road** | ) | |
| **Medina, Ohio 44256** | ) | **SECOND AMENDED COMPLAINT** |
| | ) | **(Trial by Jury Demanded)** |
| **Nicholas Doran** | ) | |
| **348 Abbeyville Road** | ) | |
| **Medina, Ohio 44256** | ) | |
| | ) | |
| **Patricia Kell** | ) | |
| **885 Quincy Court** | ) | |
| **Medina, Ohio 44256** | ) | |
| | ) | |
| **Donald Kell** | ) | |
| **885 Quincy Court** | ) | |
| **Medina, Ohio 44256** | ) | |
| | ) | |
| **April Smith** | ) | |
| **893 Quincy Court** | ) | |
| **Medina, Ohio 44256** | ) | |
| | ) | |
| **Matthew Smith** | ) | |
| **893 Quincy Court** | ) | |
| **Medina, Ohio 44256** | ) | |
| | ) | |
| **Kathleen Stricker** | ) | |
| **932 Marshall Court** | ) | |
| **Medina, Ohio 44256** | ) | |
| | ) | |
| **John Stricker** | ) | |
| **932 Marshall Court** | ) | |
| **Medina, Ohio 44256** | ) | |
| | ) | |

1

**Kathryn Zendarski-Bacho**        )
**887 Alden Court**                )
**Medina, Ohio 44256**             )
                                   )
**Yang Zhang**                     )
**941 Marshall Court**             )
**Medina, Ohio 44256**             )
                                   )
**Anna McNutt**                    )
**5414 Indian Wells Drive**        )
**Medina, Ohio 44256**             )
                                   )
**Johnny McNutt**                  )
**5414 Indian Wells Drive**        )
**Medina, Ohio 44256**             )
                                   )
**Peggy Holtz**                    )
**899 Bunker Hill**                )
**Medina, Ohio 44256**             )
                                   )
**Dustin Holtz**                   )
**899 Bunker Hill**                )
**Medina, Ohio 44256**             )
                                   )
    **New Party Plaintiffs**   )
                                   )
**And**                            )
                                   )
**State ex rel:**                  )
**Erik Booth**                     )
**896 Waterloo Lane**              )
**Medina, Ohio 44256**             )
                                   )
**State ex rel:**                  )
**Michelle Doran**                 )
**348 Abbeyville Road**            )
**Medina, Ohio 44256**             )
                                   )
**State ex rel:**                  )
**Nicholas Doran**                 )
**348 Abbeyville Road**            )
**Medina, Ohio 44256**             )
                                   )
**State ex rel:**                  )
**Patricia Kell**                  )
**936 Marshall Court**             )

2

**Medina, Ohio 44256**                        )
                                              )

**State ex rel:**                             )
**Donald Kell**                               )
**936 Marshall Court**                        )
**Medina, Ohio 44256**                        )
                                              )

**State ex rel:**                             )
**April Smith**                               )
**32640 Belle**                               )
**Medina, Ohio 44256**                        )
 )

**State ex rel:**                             )
**Matthew Smith**                             )
**32640 Belle**                               )
**Medina, Ohio 44256**                        )
 )

**State ex rel:**                             )
**Kathleen Stricker**                         )
**932 Marshall Court**                        )
**Medina, Ohio 44256**                        )
 )

**State ex rel:**                             )
**John Stricker**                             )
**932 Marshall Court**                        )
**Medina, Ohio 44256**                        )
 )

**State ex rel:**                             )
**Kathryn Zendarski-Bacho**                   )
**887 Alden Court**                           )
**Medina, Ohio 44256**                        )
 )

**State ex rel:**                             )
**Yang Zhang**                                )
**941 Marshall Court**                        )
**Medina, Ohio 44256**                        )
 )

**State ex rel:**                             )
**Anna McNutt**                               )
**5414 Indian Wells Drive**                   )
**Medina, Ohio 44256**                        )
 )

**State ex rel:**                             )
**Johnny McNutt**                             )
**5414 Indian Wells Drive**                   )
**Medina, Ohio 44256**                        )

3

| | |
|---|---|
| **State ex rel:** | ) |
| **Peggy Holtz** | ) |
| **899 Bunker Hill** | ) |
| **Medina, Ohio 44256** | ) |
| | ) |
| **State ex rel:** | ) |
| **Dustin Holtz** | ) |
| **899 Bunker Hill** | ) |
| **Medina, Ohio 44256** | ) |
| | ) |
| **New Party Relators** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **Columbia Gas Transmission, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

Now come all Plaintiffs/Relators, by and through counsel, and pursuant to Fed.R.Civ.P. 15(a)(1)(B), file their First Amended Complaint as a matter of course, and state the following:

**Jurisdiction and Venue**

1. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and the Natural Gas Act, 15 U.S.C. § 717 *et seq.,* and the value of the property interests at issue exceeds $3,000. Federal jurisdiction exists over claims asserted herein that are not within the Court's original jurisdiction under this court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as those claims form part of the same case or controversy under Article III of the United States Constitution as the federal cause of action. This Court has personal jurisdiction over Columbia by virtue of its substantial contacts with the state of Ohio.

4

2.  Venue is only appropriate in this district under 28 U.S.C. §§ 1391(b)(2) and 28 U.S.C. §§ 1403, as all real property at issue in this case is located in Medina County, Ohio.

## Parties

3.  Plaintiffs/Relators Richard Baatz and Laurie Baatz have at all times material been the fee owner of the real property commonly known as 901 Alden Court, Medina, Ohio 44256, Medina County permanent parcel numbers 029-19A-15-122 and 029-19A-15-134.  Said real property lies within the certificated boundaries of Defendant Columbia Gas Transmission LLC's ("Columbia") storage field, as further described below.

4.  Plaintiffs/Relators Ramsey Atlasy and Limberly Atlasy have at all times material been the fee owner of the real property commonly known as 894 Alden Court, Medina, Ohio 44256, Medina County permanent parcel number 029-19A-15-153.  Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

5.  Plaintiff/Relator Richard Reuss has at all times material been the fee owner of the real property commonly known as 905 Alden Court, Medina, Ohio 44256, Medina County permanent parcel numbers 029-19A-15-123 and 029-19A-15-133.  Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

6.  Plaintiff/Relator Karen Shrimpton has at all times material been the fee owner of the real property commonly known as 900 Alden Court, Medina, Ohio 44256, Medina County permanent parcel number 029-19A-15-117.  Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

5

7. Plaintiffs/Relators Jesse Saksa and Melissa Saksa have at all times material been the fee owner of the real property commonly known as 915 Quincy Court, Medina, Ohio 44256, Medina County permanent parcel numbers 029-19A-15-149 and 005-07B-20-051.  Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

8. Plaintiff/Relator Susan Lee has at all times material been the fee owner of the real property commonly known as 906 Alden Court, Medina, Ohio 44256, Medina County permanent parcel number 029-19A-15-116.  Said real property lies within certificated boundaries of Columbia's storage field, as further described below.

9. Plaintiff/Relator Richard Sunderman has at all times material been the fee owner of the real property commonly known as 920 Yorktown Drive, Medina, Ohio 44256, Medina County permanent parcel number 029-19A-11-053.  Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

10. Plaintiffs/Relators Alfredo Cipro and Tina Cipro have at all times material been the fee owner of the real property commonly known as 939 Yorktown Drive, Medina, Ohio 44256, Medina County permanent parcel number 029-19A-11-047.  Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

11. Plaintiffs/Relators John Racco and Laurie Racco have at all times material been the fee owner of the real property commonly known as 912 Cornell Court, Medina, Ohio 44256, Medina County permanent parcel number 029-19A-11-028.  Said real

property lies within the certificated boundaries of Columbia's storage field, as further described below.

12. Plaintiffs/Relators Robert Newman and Anna Newman have at all times material been the fee owner of the real property commonly known as 903 Quincy Court, Medina, Ohio 44256, Medina County permanent parcel number 029-19A-15-147. Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

13. Plaintiffs/Relators Joseph Kostohryz and Lisa Kostohryz have at all times material been the fee owner of the real property commonly known as 356 Abbeyville Road, Medina, Ohio 44256, Medina County permanent parcel number 029-19A-15-236. Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

14. Plaintiffs/Relators John Schaller and Kelly Schaller have at all times material been the fee owner of the real property commonly known as 909 Alden Court, Medina, Ohio 44256, Medina County permanent parcel number 029-19A-15-132.  Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

15. Plaintiffs/Relators Gregory Roten and Stacy Roten have at all times material been the fee owner of the real property commonly known as 907 Bunker Hill Road, Medina, Ohio 44256, Medina County permanent parcel number 029-19A-15-071.  Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

16. Plaintiffs/Relators Kevin Swantek and Wendy Swantek have at all times material been the fee owner of the real property commonly known as 898 Bunker Hill Road, Medina, Ohio 44256, Medina County permanent parcel number 029-19A-15-064. Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

17. Plaintiffs/Relators Bradley Klingbeil and Brooke Klingbeil have at all times material been the fee owner of the real property commonly known as 936 Marshall Court, Medina, Ohio 44256, Medina County permanent parcel number 029-19A-15-106. Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

18. Plaintiffs/Relators Paul Eierdam and Arliss Eierdam have at all times material been the fee owner of the real property commonly known as 919 Alden Court, Medina, Ohio 44256, Medina County permanent parcel number 029-19A-15-126.  Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

19. Plaintiffs/Relators William Cogar and Kathrine Cogar have at all times material been the fee owner of the real property commonly known as 911 Bunker Hill Road, Medina, Ohio 44256, Medina County permanent parcel number 029-19A-15-072. Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

20. Plaintiffs/Relators George Rogers and Ellen Rogers have at all times material been the fee owner of the real property commonly known as 888 Alden Court, Medina, Ohio 44256, Medina County permanent parcel number 029-19A-15-151.  Said real

8

property lies within the certificated boundaries of Columbia's storage field, as further described below.

21. Plaintiff/Relator Nancy Louise Swartz, Trustee of the Nancy Louise Swartz Living Trust, has at all times material been the fee owner of the real property commonly known as 931 Yorktown Drive, Medina, Ohio 44256, Medina County permanent parcel number 029-19A-11-045.  Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

22. Plaintiff/Relators Erik Booth and Brianne S. Booth has at all times material been the fee owner of the real property commonly known as 896 Waterloo Lane, Medina, Ohio 44256, Medina County permanent parcel number 029-19A-15-043.  Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

23. Plaintiffs/Relators Jeff R. Sanderson and Rosemary R. Sanderson have at all times material been the fee owner of the real property commonly known as 895 Alden Court, Medina, Ohio 44256, Medina County permanent parcel numbers 029-19A-15-121 and 029-19A-15-135.  Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

24. Plaintiffs/Relators Michelle E. Key (Doran) and Nicholas Doran have at all times material been the fee owners of the real property commonly known as 348 Abbeyville Road, Medina, Ohio 44256, Medina County permanent parcel number 029-19A-15-237.  Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

9

25. Plaintiffs/Relators Patricia Kell and Donald Kell have at all times material been the fee owner of the real property commonly known as 885 Quincy Court, Medina, Ohio, permanent parcel number 029-19A-15-144.  Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

26. Plaintiffs/Relators April Smith and Matthew Smith have at all times material been the fee owner of the real property commonly known as 893 Quincy Court, Medina, Ohio, permanent parcel number 029-19A-15-145.  Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

27. Plaintiffs/Relators John Stricker and Kathleen Stricker have at all times material been the fee owner of the real property commonly known as 932 Marshall Court, Medina, Ohio, permanent parcel number 029-19A-15-105.  Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

28. Plaintiff/Relator Kathryn Zandarski-Bacho has at all times material been the fee owner of the real property commonly known as 887 Alden Court, Medina, Ohio, permanent parcel number 029-19A-15-120.  Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

29. Plaintiff/Relator Yang Zhang has at all times material been the fee owner of the real property commonly known as 941 Marshall Court, Medina, Ohio, permanent parcel number 029-19A-15-110.  Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

30. Plaintiffs/Relators Johnny McNutt and Anna McNutt have at all times material been the fee owner of the real property commonly known as 5414 Indian Wells Drive, Medina, Ohio, permanent parcel number 045-05B-15-017.  Said real property lies

10

within the certificated boundaries of Columbia's storage field, as further described below.

31. Plaintiffs/Relators Dustin Holtz and Peggy Holtz have at all times material been the fee owner of the real property commonly known as 899 Bunker Hill Road, Medina, Ohio, permanent parcel number 029-19A-15-069.  Said real property lies within the certificated boundaries of Columbia's storage field, as further described below.

32. Defendant Columbia is a limited liability company organized and existing under the laws of the state of Delaware, with a place of business located at 1700 MacCorkle Avenue, Charleston, West Virginia 25314.  Columbia is registered with the Ohio Secretary of State as a foreign entity authorized to do business in Ohio.  Columbia regularly conducts business within this judicial district, including but not limited to its dealings in the subject real property of the Plaintiffs/Relators.

### Factual Background

33. Columbia is engaged in the business of transporting and storing natural gas in interstate commerce under authorization granted by, and subject to the jurisdiction of, the Federal Energy Regulatory Commission ("FERC"). Columbia's facilities include a natural gas pipeline network located in Delaware, Kentucky, Maryland, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Tennessee, Virginia, and West Virginia.

34. Columbia's facilities also include underground gas storage fields. Columbia owns and operates one of North America's largest underground natural gas storage systems, including 37 storage fields in four states with nearly 600 billion cubic feet in total capacity. In Ohio, Columbia operates 14 underground storage fields, including but not

11

limited to the subject underground storage field located under each and every one of the Plaintiffs/Relators real property in Medina, Ohio (the "Medina Field").

35. Each of the storage fields Columbia operates in Ohio, including the Medina Field, is a naturally occurring geologic formation consisting of porous and permeable rock formations existing below the surface.

36. Columbia injects natural gas (termed "storage gas") into these storage fields during the summer months when gas demand is low and withdraws storage gas during the winter months when demand is high.

### The FERC Certificate Process

37. Columbia is an interstate natural gas company as defined by § 717a(6) & (7) of the Natural Gas Act, 15 U.S.C. § 717 *et seq.* As such, Columbia is subject to the jurisdiction of FERC.

38. In order to store natural gas in underground storage fields, including the Medina Field, Columbia must first obtain a Certificate of Public Convenience and Necessity (a "Certificate") from FERC, after notice and a hearing.

39. When FERC issues a Certificate for a storage field, it designates specific boundaries for the field, known as the certificated boundaries. Typically, the certificated boundary includes a designated buffer or perimeter zone. As used herein, the term storage field includes any perimeter or buffer zone.

40. Columbia has a Certificate for the Medina Field.

41. The Natural Gas Act 15 U.S.C. § 717f(h), establishes that if a natural gas company cannot reach agreement with a property owner on the compensation to be paid for the

use of the property for storage gas or acquire those rights by contract, it has the power of eminent domain:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts. The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated: Provided, That the United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000.

42. The FERC Certificate is a necessary predicate step that gave Columbia the power and obligation to negotiate with property owners such as Plaintiffs/Relators for the use of their properties as part of the Medina Field gas storage field.

43. Prior to the issuance of the Certificate, Columbia had no rights with respect to property within the boundaries of Medina Field gas storage field.

44. After the issuance of a Certificate, Columbia has no right to use any property within the boundaries of the Medina Field gas storage field, including for purposes of storing natural gas underground, without paying just compensation. Pursuant to FERC, upon issuance of a Certificate, Columbia was to attempt to reach agreement with the property owners as to the compensation to be paid or to acquire its storage rights by contract. Under 15 U.S.C. § 717f(h), if no agreement could be reached, Columbia then could acquire the storage rights through an eminent domain proceeding.

45. Both before and after the issuance of a Certificate, Columbia has no right to use any property outside the certificated boundaries of a storage field.

46. The certificated boundaries of Columbia's storage fields are identified only to FERC and to the state of Ohio, but are otherwise maintained in secrecy by Columbia and are not available to the public or even to the persons or entities who own real property or mineral rights within the certificated boundaries.

47. Columbia has notified each and every one of the Plaintiff/Relators that each of their real property is located above their Medina Field storage field, and that Columbia has been using this Medina Field for an indeterminate amount of time without previous notice and without paying just compensation.

48. Each and every one of the Plaintiffs/Relators own real property located above the Medina Field, and each and every one of the Plaintiffs/Relators are entitled to just compensation for Columbia's past, present and future use of their property for the benefit of the Medina Field.

49. Despite the mandated of the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, Columbia has taken no steps to initiate eminent domain proceedings for the purpose of causing payment of just compensation to the Plaintiffs/Relators.

50. Instead, Columbia offered each of the Plaintiffs/Relators the monetary sum of $250.00 per lot in return for the execution of an easement permitting their use of the properties for gas storage.  All of the Plaintiffs/Relators have refused this offer.

51. The aforementioned $250/Lot Columbia offer does not satisfy the mandates of Ohio's eminent domain procedure, Ohio Revised Code §163.01 *et seq*.  As decided in the Sixth Circuit case of *Columbia Gas Transmission Corporation v. McCullough et al.*,

(1992), 962 F.2d 1192, 1992 U.S. App. LEXIS 8840, "although condemnation under the Natural Gas Act is a matter of federal law, § 717f(h) incorporates the law of the state  in which the condemned property is located in determining the amount of compensation due.  *Id.* 1992 U.S. App. LEXIS 8840, **22.

COUNT ONE
(Trespass)

52. Plaintiffs/Relators incorporate by reference the all allegations contained herein by reference as if fully rewritten.

53. Columbia is storing and has stored natural gas beneath Plaintiffs'/Relators' properties or is otherwise using those properties without any of the Plaintiffs'/Relators' permission.

54. Columbia stored natural gas beneath the Plaintiffs'/Relators' properties before it obtained the necessary storage rights either by negotiation or by eminent domain.

55. Columbia's invasion and use of Plaintiffs'/Relators' properties without their permission and without paying just compensation, whether before or after obtaining a FERC certificate, constitutes a continuing trespass.

56. Columbia's continuing trespass was and is intentional and has been done with a conscious disregard for the property rights of Plaintiffs/Relators.

57. As a result of Columbia's continuing trespass, Plaintiffs/Relators have suffered and will continue to suffer damages in an amount to be proven at trial, including but not limited to diminution in the value of their properties, the loss of the full use and enjoyment of property, the loss of the fair market value of the property, and the value

15

of the underground storage capacity and native gas Columbia has misappropriated herein.

## COUNT TWO
### (Unjust Enrichment-Use of Property for Storage)

58. Plaintiffs/Relators incorporate by reference the all allegations contained herein by reference as if fully rewritten.

59. A benefit has been conferred on Columbia by virtue of its use of Plaintiffs'/Relators' properties to store natural gas without just compensation to the Plaintiffs/Relators.

60. Columbia has knowledge of the benefit it receives from the use of Plaintiffs'/Relators' properties to store natural gas.

61. As the direct and proximate result of this uncompensated use of Plaintiffs'/Relators' properties, Columbia has been and will continue to be unjustly enriched and it is unfair for Columbia to retain the value it is receiving without paying just compensation to Plaintiffs/Relators.

## COUNT THREE
### (Mandamus - Inverse Condemnation)

62. Plaintiffs/Relators incorporate by reference the all allegations contained herein by reference as if fully rewritten.

63. The Fifth Amendment to the United States Constitution provides, in relevant part," ... nor shall private property be taken for public use without just compensation."

64. In the event it cannot reach agreement with property owners on the compensation to be paid, or to acquire storage rights by contract, Columbia is given the power of eminent domain by the Natural Gas Act, 15 U.S.C. § 717f(h). While Columbia made a $250/Lot offer that was rejected by all Plaintiffs/Relators, Columbia has

16

nevertheless taken Plaintiffs'/Relators' properties without exercising its rights of eminent domain.

65. Plaintiffs/Relators hold legal title to properties that have been taken by Columbia through its use of those properties for the storage of natural gas without just compensation.

66. Columbia intended to invade Plaintiffs'/Relators' properties when it injected natural gas into the Medina Field storage fields.

67. Invasion of Plaintiffs'/Relators' properties by Columbia's storage gas was a direct, natural, or probable result of Columbia's actions in intentionally injecting storage gas into the Medina Field storage fields.

68. It was reasonably foreseeable by Columbia that the storage gas it injected into the storage fields would invade Plaintiffs'/Relators' properties.

69. Columbia's actions have caused the invasion of storage gas into Plaintiffs'/Relators' properties.

70. As a result of Columbia's actions, and in violation of the Natural Gas Act and United States Constitution, Columbia has appropriated to itself a benefit belonging to Plaintiffs/Relators by storing its natural gas under Plaintiffs'/Relators' properties without paying just compensation.

71. Columbia's actions prevent Plaintiffs/Relators from benefiting from the full use and enjoyment of their properties.

72. Columbia's acts and omissions in storing its natural gas on the properties of Plaintiffs/Relators without just compensation is substantial and amounts to such an interference with and invasion of Plaintiffs'/Relators' property rights as to amount to

17

a compensable taking in violation of the 5th Amendment to the Unites States Constitution.

73. As a result of Columbia's acts and omissions in storing its natural gas on the Plaintiffs'/Relators' properties, Plaintiffs/Relators have suffered damages and will incur additional damages in the future including but not limited to diminution in the value and loss of the full use and enjoyment of property, the loss of the fair market value of the property, and the value of the underground storage capacity Columbia has misappropriated.

74.  Plaintiffs'/Relators' properties have been taken and injured by Columbia without payment of just compensation and damages.

75. Defendant/Respondent is under a clear legal duty to commence appropriation proceedings so that the Court can determine the amount of compensation Defendant/Respondent must pay for the permanent and/or temporary taking of Plaintiffs'/Relators' properties.

76. Plaintiffs/Relators have no plain and adequate remedy in the ordinary course of law to require Defendant/Respondent to compensate them fairly for the losses they have incurred and will continue to incur as the result of the Defendant/Respondent's taking of their real property.

## COUNT FOUR
### (Declaratory Judgment)

77. Plaintiffs/Relators incorporate by reference the all allegations contained herein by reference as if fully rewritten.

78. The Fifth Amendment to the United States Constitution provides, in relevant part, " ... nor shall private property be taken for public use without just compensation."

18

79. Under the Natural Gas Act, 15 U.S.C. § 717f(h), in the event it cannot reach agreement with property owners on the compensation to be paid, or to acquire storage rights by contract, if a take occurs, Columbia must exercise the power of eminent domain. Yet, Columbia has taken Plaintiffs'/Relators' properties without attempting to reach agreement on the compensation to be paid, without acquiring the rights by contract, and without exercising its rights of eminent domain.

80. Plaintiffs/Relators hold legal title to or mineral rights in properties that Columbia has used for the storage of natural gas without paying Plaintiffs/Relators just compensation for such use.

81. Plaintiffs/Relators are entitled to a judgment declaring the rights of Plaintiffs/Relators and the duties of Defendant/Respondent, specifically that Plaintiffs/Relators are entitled to just compensation for Columbia's use of their properties for storage gas and that Columbia must acquire the rights from Plaintiffs/Relators by eminent domain under Ohio's eminent domain procedures, all as required under the Natural Gas Act, 15 U.S.C. §717f(h).

**COUNT FIVE**
**(Permanent Injunction)**

82. Plaintiffs/Relators incorporate by reference the all allegations contained herein by reference as if fully rewritten.

83. Columbia is storing natural gas on the properties of Plaintiffs/Relators without any contractual or legal right to do so.

84. Plaintiffs/Relators have the right to use their properties, including the mineral rights associated with those properties, free of Columbia's interference and intrusion.

19

85. Plaintiffs/Relators have no adequate remedy at law to prevent Columbia from using their properties for the storage of natural gas.

86. Columbia has full knowledge and control over its own storage activities.

87. Because of Columbia's secrecy regarding its certificated boundaries, Columbia has been able improperly to use Plaintiffs'/Relators' properties without their knowledge and Plaintiffs/Relators are unable to prevent Columbia from using their properties for storage.

88. Columbia would not be substantially harmed if it were prevented from using Plaintiffs'/Relators' properties to store natural gas.

89. The balance of the equities between Columbia and the Plaintiffs/Relators weighs in favor of granting an injunction preventing underground gas storage on Plaintiffs'/Relators' properties.

90. The public interest would be served by granting an injunction, to ensure that private property is not taken for a public use without payment of just compensation in violation of the law and of the rights granted by the 5th Amendment to the United Sates Constitution.

91. As a result, Plaintiffs/Relators are entitled to a permanent injunction preventing Columbia from using their properties to store natural gas.

.**WHEREFORE,** Plaintiffs/Relators request relief as follows:

a. Just compensation and compensatory damages in amounts to be proven at trial.

b. Punitive damages.

c. Pre- and post-judgment interest.

d. Reasonable attorneys' fees.

20

e. A declaration that Columbia must commence eminent domain proceedings pursuant to

the procedures set forth in Ohio Revised Code §163.01 et seq. and, in the alternative

f. A permanent injunction barring Columbia from storing natural gas on

Plaintiffs'/Relators' properties.

g. Such other and further relief as Plaintiffs may be entitled.

Respectfully submitted,

//s// Daniel F. Lindner
Daniel F. Lindner (0063918)
The Lindner Law Firm LLC
2077 East 4th Street, Second Floor
Cleveland, Ohio 44115
(216) 737-8888, (216) 737-9999 Fax
Daniel@Justuslawyers.com

Attorney for the Plaintiffs/Relators

Dated July 13, 2016

Jury Demand

Plaintiffs requests a trial by jury in the present matter.

//s// Daniel F. Lindner
Daniel F. Lindner (0063918)

Attorney for the Plaintiffs/Relators

Certificate of Service

A copy of the foregoing Second Amended Complaint was served via the Court's electronic filing service on this 13th day of July, 2016 upon counsel for defendant.

//s// Daniel F. Lindner
Daniel F. Lindner (0063918)

21